FILED
 2012 Feb-02  AM 09:11
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHEILA F. HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **2:11-cv-01809-AKK** |
| **TYSON FOODS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

Defendant Tyson Foods, Inc.'s ("Defendant") Motion to Dismiss, doc. 6, is fully briefed, docs. 12 & 13.  In light of Plaintiff's concession that her retaliation claim is due to be dismissed, doc. 12, at 1, the court **GRANTS** Defendant's motion to dismiss the retaliation claim.

As to the outrage claim, Defendant contends that Plaintiff failed to allege facts which rise to the level of an outrage claim as determined by the Alabama Supreme Court, specifically in the *Potts v. Hayes*, 771 So. 2d 462 (Ala. 2000) and *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003), line of cases.  Doc. 6, at 3.  Defendant is correct that "[t]he tort of outrage is a very limited cause of action that is available only in the most egregious circumstances." *Leatherwood v. Mobile Hous. Bd.*, No. 09-00410-CB-N, 2010 WL 3039598, at *6-7 (S.D. Ala. 2010) (internal citations and quotations marks omitted).  Indeed, as Defendant points out, the Alabama Supreme Court had recognized outrage

claims in regard to only three kinds of conduct: "(1) wrongful conduct in the family-burial context, (2) barbaric methods employed to coerce an insurance settlement, and (3) egregious sexual harassment." *Potts*, 771 So. 2d at 465 (internal citations omitted). However, this court disagrees that outrage claims are cognizable only in the three circumstances outlined in *Potts*. In fact, the Supreme Court recently explained this is not the case:

> *That is not to say, however, that the tort of outrage is viable in only the three circumstances noted in Potts*. Recently, this Court affirmed a judgment on a tort-of-outrage claim asserted against a family physician who, when asked by a teenage boy's mother to counsel the boy concerning his stress over his parents' divorce, instead began exchanging addictive prescription drugs for homosexual sex for a number of years, resulting in the boy's drug addiction. . . . It is clear, however, that the tort of outrage is viable only when the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

*Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011) (internal quotation marks and citation omitted) (emphasis added).

Therefore, consistent with *Little*, the court declines, at this juncture, to decide that the events Plaintiff alleges in her Complaint can never rise to a cognizable claim for outrage. Instead, Plaintiff is free to conduct discovery to see if she can show that the alleged conduct here rises to the level necessary to sustain an outrage claim and survive a motion for summary judgment. Therefore, the motion to dismiss the outrage claim is **DENIED**.

**Done** the 2nd day of February, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE